UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JONATHAN NGUYEN,<br><br>Defendant | ) Crim. No. 20-cr-10110____-_____<br>)<br>) Violation:<br>)<br>) Count One: Conspiracy to Commit Wire Fraud,<br>) Access Device Fraud, and Identity Theft<br>) (18 U.S.C. § 371)<br>)<br>) Forfeiture Allegation:<br>) (18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(B) and 28<br>) U.S.C. § 2461(c)) |

## INFORMATION

At all times relevant to this Information:

### General Allegations

1.  Jonathan Nguyen ("Nguyen") lived in Windham, New Hampshire.

2.  "ICQ" is an internet-based communications application that provides encrypted voice and text communications.

3.  Skype is an internet-based communications application that provides encrypted voice and text communications.

4.  Beginning no later than approximately December 2018 and continuing until approximately April 2, 2018, Nguyen, with others known and unknown to the U.S. Attorney, conspired to obtain names, addresses, dates of birth, social security numbers, credit card account numbers, credit card verification codes, credit card expiration dates, email addresses, email account passwords, and other personally identifiable information (collectively, "PII") and to earn money by engaging in fraudulent financial transactions using that PII.

Objects and Purpose of the Conspiracy

5. The objects of the conspiracy were to commit wire fraud, access-device fraud, and identity theft. The purpose of the conspiracy was to earn money through fraudulent financial transactions using unlawfully obtained PII.

Manner and Means of the Conspiracy

6. Among the manner and means by which Nguyen and co-conspirators known and unknown to the United States Attorney carried out the conspiracy were the following:

   a. Purchasing names, addresses, dates of birth, social security numbers, email addresses, email passwords, credit card account numbers, credit card verification codes, credit card expiration dates and other forms of PII with bitcoin;

   b. Purchasing and otherwise obtaining multiple mobile electronic devices, mobile telephone numbers, and access to local internet protocol ("IP") addresses throughout the United States to assist in using the above-described PII to make fraudulent purchases of tickets to sporting events, gift cards, and other goods and services;

   c. Using technological tools and techniques to circumvent fraud-detection measures deployed by internet merchants;

   d. Reselling the fraudulently obtained tickets to sporting events, gift cards, and other goods and services for profit; and

   e. Creating e-commerce websites for sham companies and obtaining payment-processing capabilities for these companies in order to cash out fraudulently-obtained payment-card information.

Overt Acts in Furtherance of the Conspiracy

7. From no later than in or about December 2018 through in or about April 2019, Nguyen and coconspirators known and unknown to the United States Attorney committed and caused to be committed the following overt acts, among others, in furtherance of the conspiracy:

   a. On or about January 7, 2019, Nguyen received 10 credit card account profiles from an unindicted co-conspirator ("UC-1"). The account profiles included victims' names, addresses, telephone numbers, credit card account numbers, credit card expiration dates, and credit card verification codes. UC-1 transmitted the credit card accounts to Nguyen via ICQ. Nguyen paid for the credit card account profiles using bitcoin.

   b. On or about March 31, 2019, Nguyen received PII for five individuals from another unindicted co-conspirator ("UC-2"). The PII for two of the individuals included their names, addresses, dates of birth, and social security numbers. The PII for the other three individuals included their names, addresses, telephone numbers, mothers' maiden names, dates of birth, and social security numbers. UC-2 transmitted the PII to Nguyen via ICQ.

   c. On various dates from February 21, 2019 through March 15, 2019, Nguyen received from another unindicted co-conspirator ("UC-3") fraudulently purchased gift cards for retailers including Saks Fifth Avenue and Best Buy. UC-3 transmitted the gift cards to Nguyen via ICQ.

   d. On various dates from December 24, 2018 through January 8, 2019, Nguyen transmitted 31 credit card account profiles (each profile including a name,

address, credit card account number, credit card expiration date, and credit card verification code) to an unindicted co-conspirator ("UC-4") via Skype. Twenty of the account profiles also included telephone numbers, and three of the account profiles also included email addresses and corresponding passwords. Eleven of the account profiles belonged to Massachusetts residents.

COUNT ONE
Conspiracy to Commit Wire Fraud, Access Device Fraud, and Identity Theft
(18 U.S.C. § 371)

The United States Attorney charges:

8.  The United States Attorney re-alleges and incorporates by reference paragraphs 1-7 of this Information:

9.  From no later than in or about December 2018, through in or about April 2019, in the District of Massachusetts, New Hampshire, and elsewhere, the defendant,

JONATHAN NGUYEN,

conspired with others known and unknown to the United States Attorney to commit the following offenses:

a.  wire fraud, that is, having devised and intending to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, did transmit and cause to be transmitted, by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures and sounds, for the purpose of executing the scheme to defraud, in violation of Title 18, United States Code, Section 1343;

b.  identity theft, that is, to knowingly transfer, possess, and use, in and affecting interstate and foreign commerce, without lawful authority, a means of identification of another person—to wit, name, date of birth, social security number, credit card account number, credit card account expiration date, and credit card verification value—with the intent to commit, and to aid or abet, and

        in connection with, any unlawful activity that constitutes a violation of Federal law, specifically, wire fraud in violation of Title 18, United States Code, Section 1343, all in violation of Title 18 United States Code, Section 1028(a)(7); and

c.     access-device fraud, that is, to knowingly and with intent to defraud traffic in and use one or more unauthorized access devices, namely credit card account numbers, credit card account expiration dates, and credit card verification values, during any one-year period, and by such conduct obtain anything of value aggregating $1,000 or more during that period, in violation of 18 U.S.C. § 1029(a)(2).

All in violation of Title 18, United States Code, Section 371.

## FORFEITURE ALLEGATION
## (18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(B) and 28 U.S.C. § 2461(c))

The United States Attorney further alleges:

10. Upon conviction of the offense in violation of Title 18, United States Code, Sections 371, set forth in Count One of this Information, the defendant,

### JONATHAN NGUYEN,

shall forfeit to the United States pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(B), and Title 28, United States Code, Section 2461(c), (a) any property, real or personal, which constitutes, or is derived from, proceeds traceable to the commission of such offenses; and (b) any property constituting, or derived from, proceeds the defendant obtained directly or indirectly as the result of such offenses.  The property to be forfeited includes, but is not limited to, the following asset:

   a. $250,000, to be entered in the form of an Order of Forfeiture (Money Judgment).

11. If any of the property described in Paragraph 4 above, as a result of any act or omission of the defendant:

   (a) cannot be located upon the exercise of due diligence;

   (b) has been transferred or sold to, or deposited with, a third party;

   (c) has been placed beyond the jurisdiction of the Court;

   (d) has been substantially diminished in value; or

   (e) has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), and Title 28, United States Code, Section 2461(c), both incorporating Title 21, United States

Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 14 above.

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(B), and Title 28, United States Code, Section 2461(c).

                              Respectfully submitted,

                              ANDREW E. LELLING
                              United States Attorney

By:   */s/ David J. D'Addio*
                              David J. D'Addio
                              Assistant United States Attorney

Date: May 26, 2020