UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 20-10100-ADB |
| ) | |
| JONATHAN NGUYEN, ) | |
| Defendant. ) | |

## ORDER OF FORFEITURE (MONEY JUDGMENT)

**BURROUGHS, D.J.**

WHEREAS, on May 26, 2020, the United States Attorney for the District of Massachusetts filed a a one count Information, charging defendant Jonathan Nguyen (the "Defendant"), with Conspiracy to Commit Wire Fraud, Access Device Fraud, and Identity Theft, in violation of 18 U.S.C. § 371 (Count One);

WHEREAS, the Information included a Forfeiture Allegation, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(B), and 28 U.S.C. § 2461(c), which provided notice that the United States would seek forfeiture, upon conviction of the Defendant of the offense set forth in Count One of the Information of, (a) any property, real or personal, which constitutes, or is derived from, proceeds traceable to the commission of such offenses; and (b) any property constituting, or derived from, proceeds the Defendant obtained, directly or indirectly, as the result of such offenses;

WHEREAS, the property to be forfeited included, but was not limited to the following:

a.  $250,000, to be entered in the form of an Order of Forfeiture (Money Judgment);

WHEREAS, the Forfeiture Allegation of the Information also provided notice that, in the event that any property subject to forfeiture, as a result of any act or omission of the Defendant, (a) cannot be located upon the exercise of due diligence, (b) has been transferred or sold to, or

deposited with, a third party, (c) has been placed beyond the jurisdiction of the Court, (d) has been substantially diminished in value, or (e) has been commingled with other property which cannot be divided without difficulty, it is the intention of the United States, pursuant to 18 U.S.C. § 982(b), and 28 U.S.C. § 2461(c), both incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of the Defendant, up to the value of the property described above;

WHEREAS, on June 16, 2020, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Count One of the Information, pursuant to a written plea agreement signed by the Defendant on May 16, 2020;

WHEREAS, in Section 6 of the written plea agreement, the Defendant acknowledged that he understood that the Court may order forfeiture as part of the Defendant's sentence, and that the United States intended to forfeit $250,000 in United States currency, to be entered in the form of a personal money judgment against the Defendant;

WHEREAS, the Defendant admitted that $250,000 is subject to forfeiture on the grounds that it is a portion of the amount of proceeds the Defendant derived from the offense, and he also acknowledged and admitted that the amount of the forfeiture money judgment represents proceeds the Defendant obtained (directly or indirectly), and/or facilitating property, and/or property involved in, the crimes to which the Defendant pled guilty;

WHEREAS, the Defendant agreed to consent to the entry of an order of forfeiture for a personal money judgment in the amount of $250,000 in United States currency;

WHEREAS, based on the Defendant's admissions in the written plea agreement and his guilty plea on June 16, 2020, the United States is entitled to an Order of Forfeiture (Money Judgment) consisting of a personal money judgment against the Defendant, in the amount of $250,000, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(B), and 28 U.S.C. § 2461(c), as the

amount $250,000 constitutes proceeds the Defendant obtained as a result of violations of 18 U.S.C. § 371; and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Defendant shall forfeit to the United States the sum of $250,000, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(B), and 28 U.S.C. § 2461(c).

2. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3. The United States may, at any time, move, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to include substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4. The United States may, at any time, conduct, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5. Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court against the Defendant.

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
United States District Judge

Date: 1/11/2021